**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| AARON RICH<br><br>                     Movant,<br><br>    v.<br><br>CHAPWOOD CAPITAL INVESTMENT MANAGEMENT<br><br>                     Respondent. | *Ancillary to* Civil Action No.<br>1:18-cv-00681-RJL<br><br>**REDACTED - PUBLIC VERSION** |

## MOTION TO COMPEL CHAPWOOD CAPITAL INVESTMENT MANAGEMENT TO COMPLY WITH MOVANT'S RULE 45 SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Movant Aaron Rich respectfully moves this Court to compel non-party Chapwood Capital Investment Management ("Chapwood") to comply with a properly served Rule 45 Subpoena to produce documents relevant to this litigation. Pursuant to Local Civil Rule 7.1(a), the Movant attempted to determine whether Chapwood opposed the relief sought and to narrow the areas of disagreement, but Chapwood did not respond to Movant's inquiry regarding whether it opposed this motion.

                     Paul J. Skiermont (TX Bar No. 24033073)
                     SKIERMONT DERBY LLP
                     1601 Elm Street, Suite 4400
                     Dallas, TX 75201
                     Tel: (214) 978-6600
                     pskiermont@skiermontderby.com

                     Samuel Hall (D.C. Bar No. 242110)
                     *pro hac vice pending*
                     WILLKIE FARR GALLAGHER LLP
                     1875 K Street NW, Washington, DC 20006
                     Tel: (202) 303-1443 / Fax: (202) 303-2000
                     shall@willkie.com

                     ***Attorneys for Movant Aaron Rich***

Movant Aaron Rich ("Rich") submits this memorandum, and the accompanying Appendix ("App'x"), in support of his Motion to Compel Chapwood Capital Investment Management's Compliance with Movant's Rule 45 Subpoena.

Pursuant to Federal Rule of Civil Procedure 45, Mr. Rich asks this Court to enter an order compelling Chapwood Capital Investment Management ("Chapwood") to respond in full to Mr. Rich's properly served Rule 45 Subpoena (the "Subpoena") and produce documents relevant to litigation Mr. Rich has filed in the District Court for the District of Columbia. *See Aaron Rich v. Edward Butowsky et al.*, No. 1:18-cv-00681-RJL (D.D.C.). Chapwood's response to the Subpoena is clearly deficient and should therefore be compelled.

## BACKGROUND

Movant Aaron Rich's brother, Seth Rich, worked as a staffer for the Democratic National Committee ("DNC"). App'x at 50 (Ex. J (No. 1:18-cv-00681, Complaint) ¶ 2). Seth Rich was murdered in July 2016 in Washington, D.C. *Id.* Seth Rich's murder remains unsolved, though law enforcement suspects that it was the result of a botched robbery. *Id.* ¶ 26. As one would expect, Aaron Rich and the rest of the Rich Family have been heartbroken and grief-stricken by Seth Rich's death. *E.g.*, *id.* ¶¶ 26, 31 & n.5 (citing Mary & Joel Rich, *We're Seth Rich's parents. Stop politicizing our son's murder.*, The Washington Post, May 23, 2017, https://www.washingtonpost.com/opinions/were-seth-richsparents-stop-politicizing-our-sons-murder/2017/05/23/164cf4dc-3fee-11e7-9869-bac8b446820astory.html?utmterm =.9512044c79d0).

Because Seth Rich's murder coincided with WikiLeaks' release of DNC emails in the run-up to the 2016 presidential election, conspiracy theorists posited that Seth Rich was the source of the DNC emails and that he was murdered as a result. Ex. J ¶ 2. These conspiracy theories, which

are false, exploited Seth Rich's murder to provide a counter-narrative to the Intelligence Community's conclusion that Russian agents hacked the DNC in an effort to interfere in the U.S. presidential election. *E.g.*, *id.* ¶¶ 2, 6, 31, 45, 50.

The Defendants in the ancillary case here are among the leading proponents of the false conspiracies about Seth Rich. Defendant Edward Butowsky is also the founder and managing director of Chapwood. *See* About Us, Chapwood Capital Investment Management, http://www.chapwoodinvestments.com/about-us/. Under the guise of altruism, Defendant Butowsky approached the Rich Family in early 2017 and offered to pay for Rod Wheeler, a former Washington, D.C., homicide detective, to serve as a private investigator for the family. Ex. J ¶ 5. Defendant Butowsky then used Mr. Wheeler's position of confidence to fashion Mr. Wheeler as a "source" for a false *Fox News* article alleging that Seth Rich was involved in leaking the DNC emails. *Id.* ¶¶ 5, 28-29. That article subsequently was retracted, and Mr. Wheeler sued Defendant Butowsky for his role in its publication. *Id.* ¶¶ 5, 28-30.

Defendant Butowsky then engaged with Defendant Matt Couch—a conservative social media influencer in Arkansas—to continue publishing false statements about Seth Rich. On various occasions since early summer 2017, Defendants Butowsky and Couch have published false statements that: Aaron Rich assisted Seth Rich in stealing the DNC emails and transmitting the emails to WikiLeaks; in exchange, Aaron Rich received money into his bank account from WikiLeaks; Aaron Rich knew in that his brother would be murdered and did nothing to stop it; and Aaron Rich did not cooperate with, and in fact obstructed, law enforcement's investigation into his brother's murder. Ex. J ¶¶ 6–7. In March 2018, *The Washington Times* published a false and subsequently retracted article that Defendant Butowsky had ghost written, falsely accusing Aaron Rich of participating in the leak of DNC emails and obstructing the law enforcement investigation

into his brother's murder. *Id.* ¶¶ 9, 71 & n.35; *Retraction: Aaron Rich and the murder of Seth Rich*, The Washington Times, September 30, 2018, https://www.washingtontimes.com/news/2018/sep/30/retraction-aaron-rich-and-murder-seth-rich/. Defendants' false statements are believed to have reached an audience of hundreds of thousands, if not millions, and they have caused Aaron Rich significant harm, including emotional, economic, and reputational damage. Ex. J ¶¶ 1, 11, 21, 104, 121, 134, 144.

On March 26, 2018, Movant Rich filed a lawsuit against Defendants in the United States District Court for the District of Columbia, asserting claims for defamation and other causes of action. *See* Ex. J. On June 19, 2019, Movant Rich, through counsel, notified all defendants, including Defendant Butowsky, that Movant Rich would serve a subpoena on Chapwood, which Movant Rich did the next day via a professional process server. *See* App'x at 1, 15 (Ex. A, Ex. B). The Subpoena makes three requests for documents: **(1)** documents relating to any allegations in the Complaint, including communications with specifically identified parties; **(2)** documents concerning complaints that Chapwood or its employees engaged in fraudulent conduct, including making false statements; and **(3)** documents sufficient to show Chapwood's annual net income between 2016 and the present. Ex. A at 14.

Chapwood's response to the Subpoena was due by July 11, 2019. *Id.* at 1. Chapwood did not respond to the Subpoena by the deadline, thereby waiving its objections. On July 23, 2019, Movant Rich's counsel sent Defendant Butowsky's then-counsel, Philip Harvey,[1] an email stating that Mr. Rich might be forced to file a motion to compel unless Chapwood provided responsive documents. *See* App'x at 18 (Ex. C). The next day, Defendant Butowsky emailed a one-page

---

[1] Mr. Harvey withdrew from this litigation on October 11, 2019, citing "irreconcilable differences" with Defendant Butowsky. *See Aaron Rich v. Edward Butowsky et al.*, No. 1:18-cv-00681-RJL (D.D.C.) ECF No. 82.

3

document to Movant Rich's counsel stating that Chapwood did not have any documents responsive to Requests Nos. 1 and 2 and that it refused to provide documents for Request No. 3 because "[t]his is not applicable to anything." App'x at 21(Ex. D at 3, 4).

Movant Rich's subsequent attempts to meet-and-confer with Chapwood with respect to the Subpoena have failed. On September 24, Mr. Rich's counsel sent Defendant Butowsky an email setting forth the deficiencies in Chapwood's responses to the Subpoena, seeking information regarding the searches conducted to locate responsive documents, and asking whether further correspondence on the Subpoena would be worthwhile and if not, whether Defendant Butowsky would oppose a motion to compel Chapwood. *Id.* at 1–2. Defendant Butowsky replied on September 30, 2019, copying Steven Biss, Ty Clevenger, and Philip Harvey, stating, "Ty Clevenger or someone else will respond to you." *Id.* at 1. The next day, Movant Rich's counsel responded to Ty Clevenger, Steven Biss, and Philip Harvey inquiring whether any of them represented Chapwood in this matter. App'x at 36 (Ex. E). Other than Mr. Harvey's response that his firm does not represent Chapwood, no other response has been received, despite another follow up email from Movant Rich's Counsel stating that "our conclusion is that no one on the 'to' chain of this email represents Chapwood for purposes of this subpoena. Please advise otherwise if we are mistaken in that conclusion." App'x at 36 (Ex. E).[2] On November 8, 2019, Movant Rich's counsel again emailed Defendant Butowsky and notified him that "We have attempted to find an attorney acting on Chapwood's behalf but none of the attorneys you copied below have represented that they are acting for Chapwood[.]" App'x at 114 (Ex. K at 2). Movant Rich's counsel then

---

[2] In the interim, Plaintiff Rich filed two motions to compel Defendant Butowsky to respond to party discovery requests, and those motions were granted. *See* No. 1:18-cv-00681-RJL, Dkts. 7/31/2019, 63, 68, 75.

4

sought Defendant Butowsky's position regarding the Motion to Seal filed along with this Motion. *Id.* Again, no response has been received.

## ARGUMENT

Despite having four months to produce documents in response to a Subpoena making just three requests, Chapwood has refused to produce a single document, much less meet-and-confer with respect to its discovery obligations. Movant Rich respectfully requests that the Court enter an order requiring Chapwood to respond in full to the Subpoena. First, Chapwood has waived whatever objections it may have had to the Subpoena. Second, while Chapwood has declared that no responsive documents exist for Requests Nos. 1 and 2, evidence obtained through other channels strongly suggests otherwise, and Chapwood has refused to explain its efforts to locate responsive documents. Third, Chapwood's relevancy objection to Request No. 3 fails as a matter of law.

**I.    Chapwood Has Waived Its Objections to the Subpoena.**

Objections to a Rule 45 subpoena for documents "*must* be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added). "The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections." *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009). Moreover, objections that are not reasonably specific and supported are waived. *See Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); *Am. Fed. of Musics. of the United States and Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015).

Here, Movant Rich properly served Chapwood on June 20, 2019. Objections were due by July 5, 2019. Chapwood did not timely respond. When Defendant Butowsky finally sent a

response on behalf of Chapwood on July 24, 2019—19 days late—that response was devoid of specificity. Chapwood thus has waived its right to object to the Subpoena, and as a result, it must produce all documents responsive to it.

**II.    Other Discovery And Court Filings Show That Chapwood Has Documents Responsive To Requests Nos. 1 And 2.**

Request No. 1 seeks documents or communications relating to Mr. Rich's Complaint, including communications with specified individuals and entities. Chapwood contends that it has no documents responsive to those requests. But discovery obtained to date shows otherwise. *See, e.g.*, App'x at 31 (Ex. F (Butowsky 0000622) (███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████)); App'x at 37 (Ex. G (Butowsky 0000967 at 972) (███████████████████████████████████████████████████████████████████████████████████████████████████████); App'x at 43 (Ex. H (CHAVEZ0000915) (Zoom meeting between Ed Butowsky and "Defango"—a third-party witness to the allegations in Mr. Rich's complaint—copying Butowsky's Chapwood email addresses)); App'x at 47 (Ex. I (WHEELER0000027) (email from Chapwood employee to Rod Wheeler, the private investigator Defendant Butowsky hired to look into Seth Rich's murder)). Courts have granted motions to compel in similar circumstances. *See In re Denture Cream Prods. Liability Litig.*, 292 F.R.D. 120, 126 (D.D.C. 2013) ("Given that there is evidence in the documents produced to date which shows that certain other documents have been wrongfully withheld . . . the Court finds that the . . . production to date does not comply with the requirements of Rule 45."); *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 671–72 (N.D. Fl. 2010) ("[W]hen it reasonably appears that a response is incomplete the court may require . . . certification that the nonparty has

conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and has[ ] determined that the information requested either does not exist or that it has been produced.") (internal quotation marks omitted).

Request No. 2 seeks documents regarding complaints accusing Chapwood of fraudulent conduct. Chapwood has thus far claimed that no such documents exist, but litigation filed *by Chapwood* suggests that is incorrect. *See, e.g.*, *Chapwood Capital Inv. Mgmt., LLC et al. v. Charles Schwab Corp. et al.*, No. 18-cv-00287-RAS, Dkt. 1 ¶ 22(c) (E.D. Tex.) (alleging that Chapwood "lost over 268 customer accounts" due to those clients coming to "question Chapwood and Butowsky's honesty and integrity"). It is implausible that Chapwood can file lawsuits based on complaints that are the subject of the Subpoena yet assert that no such complaints exist.

Importantly, the United States District Court for the District of Columbia, the issuing court, has already granted Movant Rich's motion to compel on a near-identical request for production made directly to Defendant Butowsky, while acknowledging that Chapwood might be the best source for this information. *See* No. 1:18-cv-00681-RJL, Dkt. 63-1 at 7 (request for production of documents relating to Chapwood complaints); Dkt. 63 (motion to compel Butowsky production); Dkt. 7/31/2019 (docket entry granting motion to compel). In granting the motion to compel, the Court acknowledged that Movant Rich's counsel might need to obtain the relevant documents from a source other than Defendant Butowsky, stating, "[i]f you don't have those documents, you can obviously indicate to the counsel for the plaintiff that you don't have any of those documents. *They're going to have to go to the companies that have them in their possession.*" Dkt. 75 at 11:15-18 (emphasis added).

Finally, Chapwood refuses to describe the searches it conducted to find responsive documents. *See* Ex. D at 1. That refusal, coupled with the evidence that responsive documents do

7

exist, makes it logical to conclude that Chapwood has responsive documents, and Chapwood should be compelled to find and produce them. *See Beasley v. First Am. Real Estate Info. Servs.., Inc.*, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation by plaintiff, under oath, that the documents specified in this request for production do not exist."); *Bailey Indus.*, 270 F.R.D. at 671 ("Moreover, the time line of events and certain actions by [defendant] suggest to this court an effort by [defendant] to 'hide the ball' or otherwise fail to properly respond to the subpoena without substantial justification. Therefore, it is logical to draw the conclusion that additional responsive documents exist and were not produced by [defendant].").

### III. Chapwood's Relevance Objection to Request No. 3 Is Wrong as a Matter of Law.

In Request No. 3, Movant requests documents sufficient to show Chapwood's annual net income between 2016 and the present. Ex. A at 14. Chapwood objects that this "is not applicable to anything," Ex. D at 4. That objection not only is untimely, it is incorrect as a matter of law. During discovery, the threshold of relevance is low: "Discovery requests are relevant when they seek admissible evidence or evidence that is 'reasonably calculated to lead to the discovery of admissible evidence.'" *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004). Request No. 3 clearly meets this standard. Chapwood's annual income in 2016 through the present is directly relevant to the calculation of damages that can be obtained against Defendant Butowsky, as Chapwood's Founder and Managing Partner in possession of an equity stake in the company. *See Alvarez v. Aldi (Texas) LLC*, 2014 WL 3624929, at *3 (N.D. Tex. July 22, 2014) ("[D]istrict courts in this circuit have found that 'evidence of net worth is relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damage claim.'") (quoting *Wright v. Weaver*, 2009 WL 5170218, at *4 (E.D. Tex. Dec. 18, 2009)); *Bassi v. Patten*, 592 F. Supp. 2d 77, 85

8

(D.D.C. 2010) ("Evidence concerning a defendant's net worth is relevant to punitive damages."). As a result, even if the Court determines that Chapwood has somehow not waived its objections to the Subpoena, Chapwood still must produce documents responsive to Request No. 3 as they are clearly relevant.

## CONCLUSION

For the foregoing reasons, Movant Aaron Rich asks this Court to enter an order compelling Chapwood to fully respond to Movant's Rule 45 Subpoena and produce all responsive documents.

Dated: November 12, 2019

/s/ *Paul J. Skiermont*_____
Paul J. Skiermont (TX Bar No. 24033073)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
Tel: (214) 978-6600
pskiermont@skiermontderby.com

Samuel Hall (D.C. Bar No. 242110)
*pro hac vice pending*
WILLKIE FARR GALLAGHER LLP
1875 K Street NW, Washington, DC 20006
Tel: (202) 303-1443 / Fax: (202) 303-2000
shall@willkie.com

***Attorneys for Movant Aaron Rich***

## **CERTIFICATE OF CONFERENCE**

Pursuant to LR 7.1 (b)(3) and L.B.R. 7007-1(b) and (f) of the District of the District of Columbia, the undersigned counsel certifies that conference was not held between the parties despite Movant's counsel's efforts to hold one.  As explained in the accompanying memorandum in support of the motion, Movant's counsel has sent multiple emails to try to resolve this matter, to no avail.

Dated: November 12, 2019

*/s/ Samuel Hall*_____
Samuel Hall

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on November 12, 2019, the foregoing document was emailed to Edward Butowsky at ebutowsky@gmail.com, Eden Quainton at equainton@gmail.com, and Matthew Couch and America First Media at mattcouch@af-mg.com. In addition, the foregoing document was sent via Federal Express to the following address:

Chapwood Capital Investment Management
4965 Preston Park Blvd #100
Plano, TX 75093

Dated: November 12, 2019

/s/ Samuel Hall_____
Samuel Hall